IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


GEORGE B. FOSTER, JR.                                                                    PLAINTIFF

          v.                              Civil No. 4:10-cv-04115

WARDEN TURNER, Miller
County Detention Center; MRS.
HOLLIVERSE, Commissary, Miller
County Detention Center; and
SHERIFF STOVALL                                                                          DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, George B. Foster, Jr. (hereinafter Foster), filed this action pursuant to 42 U.S.C. §

1983.  He proceeds *pro se* and *in forma pauperis*.

On June 2, 2011 (Doc. 19, Doc. 20 & Doc. 21), Defendants filed a motion for summary

judgment.  That same day, an order (Doc. 22) was entered directing Foster to complete an attached

notice regarding the summary judgment motion.  The notice required Foster to state whether he would

file a response to the summary judgment motion on his own or was requesting the Court's assistance

by the preparation of a questionnaire.

Foster was directed to return the attached notice by June 30, 2011.  Foster was advised (Doc.

22) that if he failed to return the attached notice by June 30th, the case would be subject to summary

dismissal for failure to obey the order of this Court and failure to prosecute this action.     To

date, Foster has not returned the notice.  He has not requested an extension of time to file the notice.

The Court's order was sent to the address contained on the docket sheet.  This address was provided

to the Court by Foster.  The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed based on Foster's failure to obey the order

of the court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 4th day of August 2011.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE